# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION

| | | |
|---|---|---|
| NANCY RUIZ, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.:** |
| | ) | |
| | ) | |
| AMESBURY GROUP, INC. d/b/a | ) | |
| AMESBURYTRUTH, | ) | |
| | ) | |
| **Defendant.** | ) | |
| ——————————————— | ) | |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, NANCY RUIZ ("Plaintiff" or "Ruiz"), files her Complaint against the Defendant, AMESBURY GROUP, INC. d/b/a AMESBURYTRUTH. ("Defendant" or "AmesburyTruth"), and states the following:

## NATURE OF THE CLAIMS

1.      This is an action for monetary damages and injunctive relief, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. (hereinafter "ADA"), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), to redress Defendant's unlawful employment practices against Plaintiff, including intentional and systematic discrimination based on Plaintiff's disability, retaliation for Plaintiff's protected requests, and Defendant's unlawful discrimination and retaliation against Plaintiff because of her race, leading to her unlawful termination.

1

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA, and Title VII.

3.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

4.      Plaintiff, Ruiz, is a citizen of the United States was at all times material, a resident of the State of North Carolina.

5.      Defendant, AmesburyTruth, is a foreign For-Profit Corporation that operated in this district at its 125 AmesburyTruth Drive, Statesville, North Carolina 28625 location.

6.      Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

7.      Plaintiff has complied with all statutory prerequisites to filing this action.

8.      On September 9, 2020, Plaintiff filed a timely  claim with the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b)and (e), based on disability discrimination, race discrimination, and retaliation.

2

9.  Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

10.  On November 30, 2022, the EEOC issued a Conciliation Failure of Charge and Notice of Right to Sue.

11.  This complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC's Conciliation Failure of Charge and Notice of Right to Sue.

## FACTUAL ALLEGATIONS

12.  Plaintiff is a Hispanic female.

13.  Plaintiff worked for Defendant for approximately ten (10) months.

14.  At the time of her termination, Plaintiff held the position of Machine Operator.

15.  Plaintiff was a full-time employee who regularly worked or exceeded forty hours per week.

16.  Plaintiff was qualified to perform the duties of her employment as Machine Operator.

17.  At all relevant times, Plaintiff suffered from a medical condition, as Defendant is aware.

18.  Plaintiff's disability substantially limited one or more of her major life activities and constitutes a disability under applicable law.

19.  On or about April 1, 2020, Plaintiff broke her ankle, which created a disability.

20.  Plaintiff immediately called Julia Howell, Human Resources Representative for Defendant, and informed her of Plaintiff's disability and inquired what she needed to do to take a brief medical leave of absence to recover.

3

21.     Ms. Howell told Plaintiff to stay in touch and sent Plaintiff Short-Term Disability paperwork for Plaintiff's doctor to fill out.

22.     Plaintiff had surgery on or about April 9, 2020 and remained out of work on Short-Term Disability.

23.     On or about May 28, 2020, Plaintiff sent her physical therapy schedule to Ms. Howell.

24.     On or about June 11, 2020, Plaintiff spoke to Cynthia (last name unknown), Case Manager for Hartford, Defendant's third-party leave administrator.

25.     Cynthia informed Plaintiff that Hartford had not received any documents from Plaintiff's doctor's office.

26.     Plaintiff went to her doctor's office, and her doctor informed her that the papers had been faxed to Hartford.

27.     A few days later, Cynthia informed Plaintiff that the papers were received.

28.     On or about June 17, 2020, Ms. Howell emailed Plaintiff that she heard from Plaintiff's husband, who also worked for Defendant, that Plaintiff's next doctor's appointment was June 30.

29.     Plaintiff confirmed this appointment with a reply email.

30.     On or about June 26, 2020, Plaintiff received a letter dated June 19, 2020 informing Plaintiff that her request for FMLA leave was denied, and Plaintiff would need to return to work on June 29 or her absence would be considered a voluntary resignation.

31.     Plaintiff called Ms. Howell and informed her again that Plaintiff was not cleared to return to work yet, but had an appointment on June 30 in which Plaintiff expected to receive

4

clearance to return to work.

32.     Rather than allow Plaintiff one extra day to obtain clarity on her status, Defendant terminated Plaintiff's employment.

33.     Due to Plaintiff's termination, Plaintiff's medical insurance benefits were immediately terminated, preventing Plaintiff from receiving further treatment, including attending doctor's appointments, to assist in her recovery.

34.     In addition, prior to Plaintiff's medical leave, Plaintiff complained to Defendant's HR Department about racial discrimination and a hostile work environment.

35.     On multiple occasions, Plaintiff complained that she was being assigned tasks outside her job description, unlike similarly situated employees outside of Plaintiff's race.

36.     Plaintiff's supervisor, Carole (last name unknown), always spoke to Plaintiff in a hostile manner and treated Plaintiff differently than other similarly situated employees.

37.     The discrimination and retaliation Plaintiff was subjected to was perpetrated, in part, by one of Defendant's employees with direct supervisory authority over Plaintiff.

38.     Defendant knew or should have known of the discrimination and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

39.     The unlawful employment practices complained of in the above-mentioned paragraphs were intentional. The unlawful employment practices complained of in the above-mentioned paragraphs were done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

40.     Plaintiff has been damaged by Defendant's illegal conduct.

41.     Plaintiff has retained the services of undersigned counsel and has agreed to pay said

5

counsel reasonable attorneys' fees.

## Count I: Disability Discrimination under the ADA

42.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41, above.

43.     At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

44.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

45.     Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

46.     Plaintiff was able to perform the essential functions of her job at the time of her termination.

47.     Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

48.     Defendant intentionally discriminated against Plaintiff and subjected Plaintiff to disparate and discriminatory treatment throughout her employment based on her disability, thereby resulting in Plaintiff's unlawful termination.

49.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

50.     Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count II: Failure to Accommodate in Violation of the ADA

51.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41, above.

52.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA because Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

53.     Plaintiff was able to perform the essential functions of her job at the time of her termination.

54.     Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

55.     Defendant is required under the ADA to engage in the interactive process and provide reasonable accommodations for Claimant's disability.

56.     Defendant failed to reasonably accommodate Plaintiff or engage in the interactive process.

57.     Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

58.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

59.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

7

**Count III: Retaliation in Violation of the ADA**

60.      Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41, above.

61.      At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

62.      At all times relevant to this action, Plaintiff was a qualified employee within a disability under the ADA.

63.      Defendant intentionally retaliated against Plaintiff based on her request for reasonable accommodations and use of protected medical leave pursuant to her disability.

64.      As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

65.      Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**Count IV: Race Based Discrimination in Violation of Title VII**

66.      Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41, above.

67.      At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her race, Hispanic.

68.      At all times material, Defendant employed fifteen (15) or more employees and

qualified as an employer within the meaning of Title VII.

69.     Defendant is prohibited under Title VII from discriminating against Plaintiff because of her race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

70.     Defendant violated Title VII by discharging and discriminating against Plaintiff based on her race.

71.     Defendant intentionally discriminated against Plaintiff on the basis of her race.

72.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

73.     Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count V: Retaliation in Violation of Title VII

74.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41, above.

75.     Plaintiff engaged in protected activity under Title VII while employed by Defendant.

76.     Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

77.     Defendant's conduct violated Title VII.

9

78.     Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

79.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

80.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)     Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b)     Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c)     Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.


Respectfully Submitted:
**/s/ Gary Martoccio**
Gary Martoccio, Esq.
North Carolina Bar No. 54125
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com
*Counsel for Plaintiff*

10